

FILED
00 JAN -4 PM 3:35



## IN THE U.S. DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **H. JOHN WARMBOLD**<br>204-56 Windward Street<br>St. Catharines, Ontario, Canada L2M 7W6,<br><br>Plaintiff,<br><br>vs.<br><br>**NOAH PRESSLER**<br>87 Essex Street<br>Hackensack, New Jersey 07601,<br><br>- and -<br><br>**PROGRESSIVE MANAGEMENT<br>  GROUP, L.L.C.**<br>87 Essex Street<br>Hackensack, New Jersey 07601,<br><br>- and -<br><br>**PROGRESSIVE MANAGEMENT<br>  GROUP II**<br>87 Essex Street<br>Hackensack, New Jersey 97601,<br><br>- and -<br><br>**RONALD N. TOWNE, ESQ.,<br>As Trustee**<br>First National Tower<br>Akron, Ohio 44308,<br><br>Defendants. | CASE NO.  **JUDGE GWIN**<br><br>JUDGE<br>**5:00CV 0024**<br><br>**COMPLAINT**<br><br>**MAG. JUDGE GALLAS** |

WILLIAM P. HOLDER
ATTORNEY AT LAW
3250 WEST MARKET STREET
SUITE 101
FAIRLAWN, OHIO 44333
(330) 864-1001
FAX (330) 864-1739

Now comes Plaintiff **H. JOHN WARMBOLD** (WARMBOLD) and for his Complaint against Defendants states as follows:

## PARTIES

1. Plaintiff WARMBOLD is and has been a citizen of the Dominion of Canada for 50 years.
2. Defendant **NOAH PRESSLER** (PRESSLER) is a resident of the State of Ohio and a citizen of the United States of America.
3. Defendant **PROGRESSIVE MANAGEMENT GROUP, L.L.C.** (PROGRESSIVE) is a New Jersey corporation doing business in the State of Ohio.
4. Defendant **PROGRESSIVE MANAGEMENT GROUP II** (PROGRESSIVE II) is a New Jersey corporation doing business in the State of Ohio.
5. Defendant **RONALD N. TOWNE, ESQ., As Trustee** (TOWNE) is a resident of the State of Ohio and a citizen of the United States of America.

## JURISDICTION

6. This Court has jurisdiction in this case because of the existence of a federal question involving the deprivation of due process of law arising under the 14th Amendment to the Constitution of the United States, §1.
7. In accordance with 28 USC §§1331 and 1332, as amended in 1993, this Court has jurisdiction in this case because of the existence of a federal question involving patents and trademarks as set forth in 28 USC §1338.
8. Under 28 USC §§1331 and 1332, there is diversity of citizenship, there are several federal questions and the controversies in question, exclusive of interest and costs, will be in excess of Seventy-Five Thousand Dollars ($75,000.00) as required under Federal law.

## VENUE

9. It is clear from the facts set forth in the following statement of the case and public record that in 1997, Defendants PRESSLER and PROGRESSIVE filed Case CV-97-3307 in the Summit County Court of Common Pleas through which all Defendants herein are trying to secure control and ownership of certain patent and trademark rights of Plaintiff WARMBOLD who was never a party to this case. The events involving that law suit took place in the County of Summit, State of Ohio, United States of America and therefore, the proper venue is this Court and the jurisdiction is that of the Federal District Court of Northern Ohio.

## STATEMENT OF FACTS

10. Plaintiff **H. JOHN WARMBOLD** (WARMBOLD), a citizen of the Dominion of Canada and a resident of St. Catharines, Ontario, Canada was, until August 1998, President of Sales and Marketing and Director of Research and Development for a Canadian corporation located in St. Catharines, Ontario, Canada.

11. In 1998, Plaintiff WARMBOLD entered into an agreement with Robert Walker wherein he would accept the assignment of Mr. Walker's patent rights to an electrical apparatus used to destroy medical supplies, i.e., used hypodermic needles. An Assignment of these rights was prepared, signed by Mr. Walker and then conveyed to Plaintiff WARMBOLD on or about July 5, 1998. Subsequent to acceptance of the Assignment, on July 7, 1998, Plaintiff WARMBOLD returned a signed copy of the Assignment to Mr. Walker and then took custody and control of the Canadian patent and all rights as to the electrical apparatus used to destroy medical supplies, i.e., used hypodermic needles.

12. From July 1998 to the date of this Complaint, Plaintiff WARMBOLD has continued to develop the product covered by the patent, has marketed the apparatus and has proceeded with and filed application for a United States patent based on his rights to the Canadian patent which is in Plaintiff WARMBOLD's name.

13. Plaintiff WARMBOLD has never been a party to any court action involving the electrical apparatus used to destroy medical supplies, i.e., used hypodermic needles. Plaintiff WARMBOLD has never been a party to any court action involving Robert Walker or members of Mr. Walker's family.

14. Plaintiff WARMBOLD accepted the Assignment of the Canadian patent with the understanding that complete ownership of same would be in his name and if the product continued to develop and a market was found, that at some point in time, the inventory and previous owner, Robert Walker, would receive compensation for his having invented the electrical apparatus and securing the original Canadian patent. There was no written contract between the parties as to any interest which Mr. Walker would have to the resultant proceeds. It was agreed that any interest they had would be solely at the discretion of Plaintiff WARMBOLD. Copies of the Canadian patent and the Assignment provided by Mr. Walker are attached hereto and are marked as Exhibits A and B.

15. Robert Walker is a resident of Salem, Ohio, United States of America and is now 79 years old. In the early 1990s he invented an electrical apparatus which has been denoted as being

"an electrical apparatus for the destruction of medical instruments, namely hypodermic needles in a hospital or other medical facility." After developing this electrical apparatus, Mr. Walker proceeded to secure a Canadian patent since he is a dual citizen of both the United States of America and the Dominion of Canada. Subsequent to securing the Canadian patent, Mr. Walker filed an application for a United States patent. Mr. Walker also had secured certain investors who invested in his invention. These investors included individuals who were either residents of the State of New Jersey or the State of Ohio. but who were all citizens of the United States of America.

16. On May 2, 1997, Noah Pressler and Progressive Management Group, L.L.C., both of Hackensack, New Jersey, as Plaintiffs, filed a law suit in the Summit County Court of Common Pleas, Case No. CV-97-05-3307 which was captioned *Complaint: Specific Performance, Fraud, Breach of Contract, Injunctive Relief* against Robert Walker, Jacqueline Walker, David Wade, David Hersberger, Ronald Norton, Marcus Lombardi, David Brugh, Wanda Stout Lambert, Jim Kirchhofer, Ennervations Ltd., Jeremy Sampsell and John Doe 1 through 5. There were a series of pleadings, court appearances and the case continued through 1997 and 1998 and is still an open case in the Summit County Court of Common Pleas as of the date of this Complaint.

17. On January 15, 1999, in Case No. CV-97-05-3307, *Noah Pressler vs. Robert Walker, et al.*, a Motion to cite Robert Walker for contempt and to declare the Assignment to Plaintiff WARMBOLD a nullity was filed by Noah Pressler, et al. through their attorney, Michael J. Moran. A copy of the Motion is attached hereto and marked as Exhibit C.

18. On February 16, 1998, Judge Patricia Cosgrove signed an Order finding Defendant Robert Walker in contempt of Court and declaring the Assignment to Plaintiff WARMBOLD null and void and imposing sanctions. A copy of said Order is attached hereto and marked as Exhibit D.

## FIRST CLAIM – DUE PROCESS

19. Plaintiff WARMBOLD incorporates the allegations contained in paragraphs 1 through 18 as if fully rewritten herein.

20. On July 3, 1998, Robert Walker executed an Assignment of patent rights to Plaintiff WARMBOLD.

21. On July 7, 1998, in Summit County, Ohio, Defendant **RONALD N. TOWNE, ESQ., As Trustee**, (TOWNE) took the Oath of Receiver and deposited a One Hundred Dollar

4

($100.00) bond in order to be appointed as a Receiver in Case No. CV-1997-05-3307, Summit County Court of Common Pleas, Summit County, Ohio.

22. It is clear that, under Ohio law, a Receiver does not have authority to receive property until such Receiver has taken the statutory oath and posted a bond in the amount ordered by the Court.

23. During his tenure as Receiver over the patent rights, Defendant TOWNE knew or should have known that Plaintiff WARMBOLD held a written and recorded interest in said patent rights.

24. Plaintiff WARMBOLD was never joined as a party in the State Court Case No. CV-1997-05-3307 nor did he receive notice of the appointment of a Receiver or any other action in the State Court.

25. At no point in time during his Receivership did Defendant TOWNE ever notify Plaintiff WARMBOLD of his alleged assumption of control over the patent rights nor of Judge Cosgrove's February 16, 1999 Order.

26. Defendant TOWNE deprived Plaintiff WARMBOLD's interest in the patent rights without due process of law by taking control over such interest as a Receiver while acting under color of State law.

## SECOND CLAIM – DUE PROCESS

27. Plaintiff WARMBOLD reincorporates the allegations of paragraphs 1 through 26 as though fully restated herein.

28. On or about January 15, 1999, Defendant TOWNE caused the above-referenced patent rights to be put up for Sheriff's Sale in Summit County, Ohio.

29. Defendant PROGRESSIVE, one of the Plaintiffs in the State Court case, purchased the patent rights at such sale and thereafter notified the Court that the Trustee had transferred such rights to Defendant **PROGRESSIVE MANAGEMENT GROUP II (PROGRESSIVE II)**.

30. During his tenure of receivership, and by the time of the Sheriff's sale, Defendant TOWNE knew or should have known of Plaintiff WARMBOLD's interest in the Canadian and United States patent rights.

31. At no point in time did Defendant TOWNE ever notify Plaintiff WARMBOLD of the Sheriff's sale and Defendant PROGRESSIVE's purchase of the patent rights at the Sheriff's sale.

32. Defendant TOWNE deprived Plaintiff WARMBOLD's interest in the patent rights without due process of law by selling such patent rights at sheriff's sale without notice to Plaintiff WARMBOLD while acting under color of State law.

### THIRD CLAIM – DUE PROCESS

33. Plaintiff WARMBOLD reincorporates the allegations of paragraphs 1 through 32 as though fully restated herein.
34. In the State case, Defendants PRESSLER and PROGRESSIVE knew about the patent rights assignment to Plaintiff WARMBOLD, (see Exhibit A, attached hereto).
35. Defendants PRESSLER and PROGRESSIVE, by and through their attorney, Michael J. Moran, filed a Motion to Declare Assignment a Nullity (Exhibit A) on January 15, 1999 with the State Court.
36. Defendants PRESSLER and PROGRESSIVE failed to serve notice of such Motion to Plaintiff WARMBOLD.
37. Defendants PRESSLER and PROGRESSIVE, by and through their attorney, Michael J. Moran, also prepared a self-serving document, in the guise of an Order, which they presented to the Court, by and through their attorney, Michael J. Moran, for signature without benefit of a hearing and without notice to Plaintiff WARMBOLD.
38. On February 16, 1999, Judge Patricia Cosgrove of the Summit County Court of Common Pleas signed/filed Defendants PRESSLER's and PROGRESSIVE's Order, which was prepared by Defendants PRESSLER's and PROGRESSIVE's attorney Michael J. Moran, and which among other things, ordered the patent assignment a nullity. No notice of such Motion, no notice of any hearing (because a hearing was not held) and no notice of such Order, was ever served upon Plaintiff WARMBOLD.
39. Defendants PRESSLER and PROGRESSIVE deprived Plaintiff WARMBOLD of his interests in the patent rights without due process of law under color of State law.

### FOURTH CLAIM – DUE PROCESS

40. Plaintiff WARMBOLD reincorporates the allegations of paragraphs 1 through 39 as though fully restated herein.
41. In order to enable Defendant TOWNE to sell the patent rights, Defendants PRESSLER and PROGRESSIVE, by and through their attorney, Michael J. Moran, filed a Motion for

6

Expansion of Duties of Receiver on August 26, 1998, again without notice to Plaintiff WARMBOLD.

42. Defendants PRESSLER and PROGRESSIVE again deprived Plaintiff WARMBOLD of his interest in the patent rights without due process of law by acting in concert with Defendant TOWNE, Trustee.

## FIFTH CLAIM – ABUSE OF PROCESS

43. Plaintiff WARMBOLD reincorporates the allegations of paragraphs 1 through 42 as though fully restated herein.
44. On January 15, 1999, Defendants PRESSLER and PROGRESSIVE, by and through their attorney, Michael J. Moran, filed a Motion to Declare Assignment a Nullity (Exhibit A) with the State Court.
45. Defendants PRESSLER and PROGRESSIVE again failed to serve notice of such Motion to Plaintiff WARMBOLD.
46. Through Attorney Moran, Defendants PRESSLER and PROGRESSIVE, by and through their attorney, Michael J. Moran, also prepared a self-serving document, in the guise of an Order, which they presented to the Court to sign without a hearing on its merits or with evidence and without notice to Plaintiff WARMBOLD.
47. On February 16, 1999, Judge Patricia Cosgrove of the Summit County Court of Common Pleas signed Defendants PRESSLER's and PROGRESSIVE's Order, which, among other things, ordered the patent assignment a nullity. No notice of such Motion, no notice of any hearing (because a hearing was not held) and no notice of such Order, was ever served upon Plaintiff WARMBOLD.
48. Defendants PRESSLER and PROGRESSIVE abused the civil process through their failure to notify Plaintiff WARMBOLD and having the Court sign Orders without hearings, in order to gain an advantage, which resulted in an injury, and continues to cause injury to Plaintiff WARMBOLD.
49. Defendants PRESSLER's and PROGRESSIVE's abuse of the State Court system, through their attorney, Michael Moran, caused damage and continues to cause damage to Plaintiff WARMBOLD.

## SIXTH CLAIM – ABUSE OF PROCESS

50. Plaintiff WARMBOLD reincorporates the allegations of paragraphs 1 through 49 as though fully restated herein.

51. Defendants PRESSLER, PROGRESSIVE and PROGRESSIVE II acted in concert with Defendant TOWNE to deprive Plaintiff WARMBOLD of his interest in the patent rights without due process of law.

WHEREFORE, Plaintiff WARMBOLD demands judgment for: 1) Equitable relief including, but not limited to, a finding that the State Court was without jurisdiction to declare the Assignment to Plaintiff WARMBOLD a nullity; 2) Defendant TOWNE did not have authority to assume control over the patent rights, 3) Defendants PRESSLER, PROGRESSIVE and PROGRESSIVE II are not the legal owners of the patent rights; 4) Temporary and permanent injunctions against Defendants PROGRESSIVE and PROGRESSIVE II restraining Defendants PROGRESSIVE and PROGRESSIVE II from using such patent and the knowledge contained therein; and 5) For judgment against Defendants PRESSLER, PROGRESSIVE, PROGRESSIVE II and TOWNE in an amount in excess of $75,000.00 in actual damage and punitive damages, and for interest according to law, attorney's fees, costs and such other relief as may be deemed just and equitable.

Respectfully submitted,

_____
WILLIAM P. HOLDER, #0015110
3250 West Market Street, Suite 101
Fairlawn, Ohio 44333

_____
SHAUNNA L. MOORE, #0066600
3250 West Market Street, Suite 101
Fairlawn, Ohio 44333