### IN THE U.S. DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| H. **JOHN WARMBOLD** <br> 204-56 Windward Street <br> St. Catharines, Ontario, Canada L2M 7W6, <br><br> Plaintiff, <br><br> vs. <br><br> **NOAH PRESSLER** <br> 87 Essex Street <br> Hackensack, New Jersey 07601, <br><br> - and - <br><br> **PROGRESSIVE MANAGEMENT** <br>   **GROUP, L.L.C.** <br> 87 Essex Street <br> Hackensack, New Jersey 07601, <br><br> - and - <br><br> **PROGRESSIVE MANAGEMENT** <br>   **GROUP II** <br> 87 Essex Street <br> Hackensack, New Jersey 07601, <br><br> - and - <br><br> **RONALD N. TOWNE, ESQ.,** <br> **As Trustee** <br> First National Tower <br> Akron, Ohio 44308, <br><br> Defendants. | **CASE NO. 5:00-CV-0024** <br><br> **JUDGE JAMES S. GWIN** <br><br> **MAGISTRATE JUDGE GALLAS** <br><br> **<u>PLAINTIFF'S RESPONSE TO DEFENDANT NOAH PRESSLER'S PROGRESSIVE MANAGEMENT GROUP LLC'S, AND PROGRESSIVE MANAGEMENT GROUP II'S COUNTERCLAIM</u>** |

1

Now comes Plaintiff **H. JOHN WARMBOLD** (WARMBOLD), by and through counsel, with his Response to Defendants **NOAH PRESSLER**'s, **PROGRESSIVE MANAGEMENT GROUP, LLP**'s and **PROGRESSIVE MANAGEMENT GROUP II**'s (hereinafter collectively PRESSLER/PROGRESSIVE) Counterclaim as follows.

1. Plaintiff WARMBOLD alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegation contained in paragraph 1 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

2. Plaintiff WARMBOLD admits the allegation contained in paragraph 2 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

3. Plaintiff WARMBOLD admits the allegation contained in paragraph 3 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

4. As to paragraph 4 of Defendants PRESSLER/PROGRESSIVE's Counterclaim, Plaintiff WARMBOLD admits that Robert Walker was one of the inventors of the instrument founded in Canadian Patent No. 2,167,330.

5. Plaintiff WARMBOLD denies the allegation contained in paragraph 5 of Defendants PRESSLER/PROGRESSIVE's Counterclaim because he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained therein.

6. Plaintiff WARMBOLD denies the allegation contained in paragraph 6 of Defendants PRESSLER/PROGRESSIVE's Counterclaim because he is without knowledge or information sufficient to form a belief as to the truth of said allegation.

7. Plaintiff WARMBOLD denies that Attorney Ronald Towne was properly appointed on July 1, 1998 as he had not taken the Oath of Receiver on the day he was appointed and he did not post bond.

8. Plaintiff WARMBOLD alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 8 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

9. Plaintiff WARMBOLD admits that on July 3, 1998, Robert M. Walker executed an assignment transferring his rights, title and interest regarding his invention to Plaintiff WARMBOLD.

10. Plaintiff WARMBOLD denies all of the allegations contained in paragraph 10 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

11. Plaintiff WARMBOLD denies the allegation contained in paragraph 11 of Defendants PRESSLER/PROGRESSIVE's Counterclaim and states that he received and accepted the assignment on or before July 4, 1998.

12. Plaintiff WARMBOLD alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 12 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

13. Plaintiff WARMBOLD denies all of the allegations contained in paragraphs 13 through 20 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

14. Plaintiff WARMBOLD denies all of the allegations contained in paragraphs 21 and 22 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

15. Plaintiff WARMBOLD alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraphs 23 and 24 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

16. Plaintiff WARMBOLD denies the allegations contained in paragraph 25 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

17. Plaintiff WARMBOLD alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraphs 26 and 27 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

18. Plaintiff WARMBOLD denies all of the allegations contained in paragraphs 28 through 37 of Defendants PRESSLER/PROGRESSIVE's Counterclaim.

WHEREFORE, Plaintiff WARMBOLD respectfully requests that this Court dismiss Defendants PRESSLER/PROGRESSIVE's Counterclaim at Defendants' cost, with reasonable attorney's fees to Plaintiff WARMBOLD.

Respectfully submitted,

s/WILLIAM P. HOLDER
WILLIAM P. HOLDER
3250 West Market Street, Suite 101
Fairlawn, Ohio 44333
(330)   864-1001
Attorney Bar #0015110

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 14, 2000 a copy of foregoing Plaintiff's Answer to Defendants Noah Pressler's, Progressive Management Group, LLC's and Progressive Management Group II's Counterclaims was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System.

                                                          s/WILLIAM P. HOLDER
                                                          WILLIAM P. HOLDER
                                                          3250 West Market Street, Suite 101
                                                          Fairlawn, Ohio 44333
                                                          (330) 864-1001
                                                          Attorney Bar #0015110